Gregory B. Smith (USB 6657)
GREG SMITH AND ASSOCIATES, PC
111 E. 5600 S. #105
Murray, Utah 84107
Phone: 801-255-0123 / 801-651-1512
Fax: 801-255-2134
Email: gs@justiceinutahnow.com

*Attorney for Plaintiff, Amanda Victor*

## IN THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMANDA VICTOR, an individual, | **COMPLAINT** |
| Plaintiff, | (JURY DEMAND) |
| vs. | |
| IHOP RESTAURANTS, LLC, and ROBERT TOMLINSON individually, | Case No. |
| Defendant. | Judge |

**COMPLAINT FOR SEX DISCRIMINATION IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964; AND
THE UTAH ANTIDISCRIMINATION ACT OF 1965**

Plaintiff, AMANDA VICTOR, by and through her undersigned counsel, files this Complaint and Jury Demand against Defendant:

**PARTIES**

1

1. Plaintiff, AMANDA VICTOR, is a resident of the County of Utah, State of Utah.

2. IHOP RESTAURANTS, LLC., is a California corporation registered to do business in the State of Utah, entity No. 9171715-0161, and doing business in the County of Utah, State of Utah under the d.b.a., IHOP.

3. Robert Tomlinson is the franchise owner of the Orem and Payson IHOP restaurants located in Utah County.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Title VII of the United States Civil rights Act regarding gender discrimination and sexual harassment; the United States Fair Labor Standards Act; and, the Utah Antidiscrimination Act of 1965. IHOP Restaurants, LLC has more than 15 employees and meets the required number of employees under Title VII of the Civil Rights Act.

5. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(30.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CLAIM

Amanda Victor filed an administrative charge with the Utah Anti-Discrimination Division, and on 11 May 2020, Amanda Victor received a right to sue letter from U.S. Equal Employment Opportunity Commission.

## NATURE OF CASE

6. This case arises from violations of Title VII of the Civil Rights Act and the Utah Antidiscrimination Act (Utah Code Ann., Title 34A Chapter 5), by Noe Castro the

General Manager of the IHOP Restaurant, Amanda Victor's immediate supervisor unlawfully sexually harassed Amanda, and then retaliated against her and caused her to terminate her employment. His conduct was condoned by the area manager Howie Fuchs.

7. IHOP is a national chain of restaurants doing business in the State of Utah. The alleged sexual harassment occurred in the Orem and Payson restaurants.

8. IHOP restaurants typically have a full-time restaurant manager present during all shifts as well as an assistant manager.

## FACTUAL ALLEGATIONS

9. On or about April 6, 2018, IHOP hired Amanda Victor as an Assistant Manager.

10. Amanda's start date at the Orem restaurant was April 19, 2018.

11. Amanda's start date at the Payson restaurant was June 7, 2018.

12. Amanda was to be paid a salary of $40,000 during her training period and then increased to $42,000 annually.

13. Robert Tomlinson is the franchise owner of the Orem and Payson IHOP restaurants.

14. Jedydyah Allred is the IHOP Director of Strategic Operations Support.

15. Noe Castro was Amanda's General Manager.

16. Howie Fuchs was her Area Manager.

17. IHOP's sexual harassment and abuse began in July 2018, when Noe Castro after a successful restaurant opening asked Amanda out to dinner. He asked Amanda to drive. After dinner Noe Castro told Amanda he had some papers for her and to take him to his hotel. While in his hotel room, Castro offered Amanda a drink. Amanda refused. He then

sexually came-on to Amanda and kissed her. Amanda resisted, telling him she had to get home to her husband and kids.

18.   Offended by the Amanda's sexual rejection, Castro began spreading negative rumors about Amanda to other employees, and while counting inventory began saying inappropriate things about Amanda's breasts and bottom. Amanda asked him to stop.

19.   Later around July 21, Castro touched Amanda's bottom and asked her to unbutton her shirt. Amanda refused.

20.   Castro frequently starred at and made inappropriate comments about Amanda's chest, all of which made Amanda very uncomfortable.

21.   Castro's offensive conduct continued, and Amanda reached out to the Area Director Howie Fuchs in stopping Castro's improper behavior.

22.   Howie Fuchs showed very little interest or concern, and after numerous attempts to get him to hear her concerns, he finally, in mid-August visited Amanda's restaurant.

23.   Amanda told Fuchs everything that had occurred. Fuchs, showing little or no concern and hastily replied, "If it makes you uncomfortable let me know," and walked away.

24.   Noe Castro as the general manager and Howie Fuchs as the area manager were friends and frequently spoke with each other.

25.   Thereafter, both Castro and Fuchs began a regular routine of obscene, sexually inappropriate comments to Amanda, even making sexually inappropriate comments about other employees.

26. Noe Castro's reputation preceded him, and Amanda was told by two other server-trainers that a bet was on as to how long it would take before Castro would try to "sleep with her."

27. After Amanda complained to Castro and Fuchs, they began treating Amanda in a rude and disrespectful manner.

28. They would yell at her while she was working. They would send her texts accusing her of "screwing up" and not doing her job.

29. In retaliation they fabricated write-ups and accused Amanda of "screwing up" a truck order, which had resulted in a food shortage, even though Amanda had specifically followed Castro's written instructions.

30. As punishment, Amanda was ordered to drive her own truck to Sysco, Utah, a three-hour drive before her scheduled night shift. She was never compensated for her time or gas.

31. Even though Castro was the general manager, he was late for work almost daily. As a result, Amanda was forced to come to work on her days off because there was no restaurant manager.

32. On one occasion, Amanda was required to take a week off because of an ankle injury. Howie rudely accused her of self-inflicting the injury to get time off.

33. During Amanda's week off, she was required to participate in mandatory conference and work calls.

34. When Amanda received her paycheck, she had been docked for the week off despite taking work phone calls and mandatory conference calls.

35. As further retaliation against Amanda, Noe Castro also required Amanda to drive to the bank after every shift she worked to make a deposit. This entailed a drive from Payson to Spanish Fork, a distance of sixteen miles roundtrip, without compensation for her time, gas, or wear and tear on her vehicle. This went on for months.

36. The acts of retaliation continued by requiring Amanda to work every Sunday night; be the only cook; do the inventory; clean the kitchen at closing; deal with customer complaints; complete employee meal entries; and because Castro and Fuchs would not schedule a dishwasher, Amanda was required to do the dishes as well.

37. In late October 2018 Amanda, desperate for help in dealing with Castro's indecent acts and comments, called Robert Tomlinson, the franchise owner of the IHOP restaurant. He never returned her phone calls.

38. Amanda then called and texted Jedydyah Allred the Director of Strategic Operations and Support asking for help in stopping Castro's wrongful retaliation. Allred said he would set up a meeting between Castro, Fuchs and Amanda to resolve the intolerable conditions that were pervasive at the restaurant. Allred never followed through, and no meeting ever occurred.

39. The final act of retaliation took place when Castro and Fuchs retaliated against Amanda by deliberately deviating from the work schedule in which Amanda was scheduled to have Thanksgiving Day off. Just three days before Thanksgiving they consciously with willful intent changed the schedule requiring Amanda to work all day on Thanksgiving. In reliance on the work schedule Amanda had invited company to her

home for Thanksgiving. Not only were they forcing Amanda to cancel her Thanksgiving dinner plans, but they were forcing her to work a 13-hour shift from 9:00 a.m. to 10 p.m.

40. This unfair and retaliatory treatment was planned to force Amanda to resign and amounted to constructive and retaliatory termination of her employment on November 19, 2018.

41. As a direct and proximate result of Defendant's harassing, discriminatory and retaliatory treatment of Amanda, she suffered, and continues to suffer, adverse job consequences, including economic damages, pain, mental anguish, and damage to her reputation and career.

42. The continual sexual and rude abuse of Amanda forced Amada to leave IHOP's employment because of gender discrimination resulting in wrongful constructive discharge and breach of the covenant of good faith and fair dealing.

## COUNT ONE
### (Sexual Discrimination)

43. Plaintiff incorporates by reference, all of the foregoing paragraphs of the Complaint as though fully set forth herein.

44. Under Title VII, Amanda Victor is in a protected class based on her gender as a woman.

45. Amanda was qualified for the position and job description she held and was performing her work satisfactorily and meeting Defendant's expectations. She was excellent at her job and customers frequently complimented her.

46. Amanda was discriminated against and eventually forced to terminate her employment due to the unbearable retaliatory treatment and pervasive sexual harassment.

47. The method by which the harassment and discrimination was carried out was motivated by Amanda being an attractive woman and rejecting Noe Castro's sexual advances, which exposed her to disadvantageous terms and conditions of employment when compared to members of the opposite sex.

48. After Amanda's retaliatory and wrongful constructive discharge, Defendant continued seeking applicants with Amanda's qualifications.

49. Amanda alleges that those managers of IHOP who were responsible for her retaliatory termination conspired to make it appear as though she was not doing her job.

50. As a direct and proximate result of Castro and Fuchs' discriminatory and retaliatory treatment of Amanda, she has suffered, and continues to suffer, adverse job consequences, including economic damages, mental anguish, and damage to her reputation and career.

### COUNT TWO
### (Sexual Harassment)

51. Plaintiff incorporates by reference, all of the foregoing paragraphs of the Complaint as though fully set forth herein.

52. Amanda would not have been harassed but for her gender as a woman.

53. IHOP permitted a hostile environment of severe and pervasive sexual behavior to be created and perpetuated by Noe Castro and Howie Fuchs.

54. The offensive sexual actions of Castro were severe, pervasive and unwelcome.

55.     Castro's behavior aided by area manager Howie Fuchs' complacent failure to implement a policy to prevent and address sexual harassment altered Amanda's working conditions.

56.     The aforesaid acts of intentional sexual harassment, perpetrated by Castro and condoned by Fuchs, violated Amanda's rights as provided under Utah Antidiscrimination Act and Title VII of the Human Rights Act.

57.     As a consequence of Castro's sexual harassment during Amanda's employment at IHOP, Amanda suffered conscious pain and suffering, mental distress, loss of income, and humiliation.

## COUNT THREE
### (Retaliation)

58.  Plaintiff incorporates by reference, all of the foregoing paragraphs of the Complaint as though fully set forth herein.

59.     The sexually hostile work environment created by the sexual harassment and retaliation by Castro and Fuchs, discouraged Amanda from complaining.

60.     Notwithstanding her excellent work and tireless work ethic, Defendants retaliatory actions because of Amanda rejecting Castro's sexual advances caused Amanda's unwanted termination.

61. Because of the retaliatory misconduct of Castro and Fuchs, Amanda has been damaged in an amount that has not been fully ascertained at this time, but to be determined according to proof at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Compensatory damages, including lost compensation, damage to career path, damage to reputation, and damages for pain and suffering.

2. Damages for mental anguish.

3. Punitive damages.

4. Attorneys' fees and costs of suit; and

5. Such other relief as the court may deem equitable and just.

## JURY DEMAND

Plaintiff, Amanda Victor demands a trial by jury.

DATED this 27th day of May 2020.

/s/ Gregory B. Smith

*Attorney for Plaintiff,*
Amanda Victor